UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| STEVEN H. CRANE, | : | Case No. 2:24-cv-4170 |
| | : | |
| Petitioner, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Elizabeth P. Deavers |
| vs. | : | |
| | : | |
| WARDEN, MADISON CORRECTIONAL INSTITUTION,[1] | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Madison Correctional Institution, in London, Ohio, has filed a *pro se* Petition for Writ of Habeas Corpus, challenging a "judgment/decision . . . entered by the Ohio [Adult] Parole Authority [OAPA]." (Doc. 1, at PageID 1). Although Petitioner does not indicate whether he filed his Petition under 28 U.S.C. § 2241 or § 2254, the proper vehicle for a state prisoner to collaterally attack the lawfulness and/or execution of his sentence is under 28 U.S.C. § 2254. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006). Accordingly, the Court understands the Petition to be filed under 28 U.S.C. § 2254. Petitioner has paid the $5 filing fee.

Under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and

---

[1]Petitioner also names Ohio Attorney General David Yost as a Respondent. However, Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that "the petition must name as respondent the state officer who has custody" of the petitioner. In this regard, the United States Supreme Court has found that "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004).

"must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254. For the reasons set forth below, this case is subject to **DISMISSAL**.

## BACKGROUND

The following procedural history is taken from the decision of the state appeals court:[2]

> In 1985, a Franklin County jury found Mr. Crane guilty of aggravated murder and aggravated robbery in Franklin County Court of Common Pleas case No. 84CR-335. He is currently serving the life tail imposed for his aggravated murder conviction at an institution operated by the Ohio Department of Rehabilitation and Correction ("ODRC"). As previously determined by the Ohio Parole Board ("parole board"), a section within the OAPA, Mr. Crane became eligible for parole in January 2003. (*See* Sept. 7, 2022 Notice of Appeal at 6.)
>
> On June 15, 2022, Mr. Crane appeared before the parole board for a parole hearing. (*See* Sept. 7, 2022 Notice of Appeal at 6.) The parole board's "Decision and Minutes"—which constitute the "official public record of the decisions of the parole board," *see* Ohio Adm. Code 5120:1-1-01(N)—indicate the parole board denied him release from incarceration to parole and continued the matter until May 1, 2025, thus ruling that Mr. Crane must serve 35 additional months in prison before his next parole hearing. (*See* Sept. 7, 2022 Notice of Appeal at 6-7.) Its decision was validated by the parole board chair on June 21, 2022. (Sept. 7, 2022 Notice of Appeal at 7.)
>
> \*\*\*
>
> At the outset, we note that nothing in the record before us indicates Mr. Crane submitted a reconsideration request to the parole board in the manner required by ODRC Policy 105-PBD-04. Instead, Mr. Crane attempted a direct "administrative appeal" from the parole board's June 2022 decision to the common pleas court "pursuant to R.C. 2506.01" and/or Chapter 119 of the Ohio Revised Code. (*See* Sept. 7, 2022 Notice of Appeal at 1.)
>
> On September 7, 2022, Mr. Crane filed, pro se, a document captioned as "Notice of Appeal Pursuant to R.C. 2506.01" in the trial court. He attached to it a copy of the parole board's June 2022 decision denying him release from incarceration to parole. (Sept. 7, 2022 Notice of Appeal at 6-7.) Generally, Mr. Crane alleged that, by continuing his incarceration, the OAPA violated his

---

[2]Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

> constitutional rights, acted contrary to law, and exceeded the scope of its jurisdictional authority. He also took issue with the parole board's delay in delivering its decision to Mr. Crane. Although not expressly averred in the September 7th pleading itself, its attachment contains handwriting—presumably, Mr. Crane's—asserting that Mr. Crane did not receive a copy of the parole board's decision until July 8, 2022, i.e., 18 days after it was validated by the chair. (*See* Sept. 7, 2022 Notice of Appeal at 6.) Mr. Crane apparently believed he was required to submit a reconsideration request to the chair "within 10-days [sic]" (Sept. 7, 2022 Notice of Appeal at 5) but . . . ODRC Policy 105-PBD-04 does not impose any set time limitation.
>
> On October 7, 2022, the OAPA moved to dismiss Mr. Crane's complaint under Civ. R. 12(B)(1) and 12(B)(6). It contended that a trial court does not have subject-matter jurisdiction to review an "administrative appeal" from a decision of the parole board or the OAPA denying release. Thus, the OAPA posited that dismissal under Civ. R. 12(B)(1) was required. In the alternative, the OAPA argued Mr. Crane's civil action should be dismissed under Civ. R. 12(B)(6) for failure to state a claim upon which relief may be granted.
>
> \*\*\*
>
> On January 26, 2023, the trial court issued a decision and entry granting the OAPA's motion to dismiss pursuant to Civ. R. 12(B)(1) and ordered dismissal of the case for lack of subject-matter jurisdiction. It did not address the OAPA's arguments under Civ. R. 12(B)(6).

*Crane v. Ohio Adult Parole Auth.*, 223 N.E.3d 1002, 1004-06 (Ohio App. Aug. 29, 2023). The Ohio Court of Appeals affirmed the trial court's judgment, *id.* at 1009, and the Ohio Supreme Court denied further review. *Crane v. Adult Parole Auth.*, No. 2023-1282, 224 N.E.3d 57 (Table), 2023-Ohio-4640 (Ohio Dec. 26, 2023).

## ANALYSIS

Petitioner filed the instant Petition on October 22, 2024. (*See* Doc. 1, at PageID 6).[3] The Petition raises the following four grounds for relief:

> **Ground One:** As a quasi-judicial body how can the authority of the Ohio Adult Parole Authority be challenged or appealed in a court of law for the abuse of its

---

[3] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

3

discretion due to many different reasons including but not limited to violations of due process, equal protection, fundamental rights and constitutional violations including but not limited to racism and hate crimes and acting without jurisdiction in some cases and violations of the doctrine of *res judicata* in most cases.

**Ground Two:** Whether R.C. 2506.01, R.C. 2505.03, or any other remedy under Ohio law provides jurisdiction of any Ohio Court to hear or determine an appeal process or other action against OAPA decisions when said decisions violate Constitutional rights and protections, fundamental rights or simply include abuse of discretion or criminal conduct by a quasi-judicial body within and/or outside the scope of its duties?

The Ohio Parole Board is a [q]uasi-judicial body, and 2506.01 applies to quasi-judicial bodies, so why would it not apply to the Ohio Adult Parole Authority as a quasi-judicial body.

**Ground Three:** Res judicata applies equally to offenders and the OAPA as they are quasi-judicial body, res judicata, whether claim preclusion or issue preclusion, applies to quasi-judicial administrative proceedings.

OAPA continues to violate the doctrine of res judicata in quasi-judicial proceedings, by continuously punishing an offender over and over for past behavior that was used to issue time for the same behavior in a prior proceeding.

**Ground Four:** By paroling death row inmates who were scheduled to die some as soon as 20-years the APA has defined what a death sentence is?  And clearly denied non-death row inmates [e]qual protection of the law, and denied due process by not defining a process that is due as it is ever changing to fit their needs at that time.

Non death row inmates are denied release based upon seriousness of the offense, and nature of crime, what is the nature of a death sentence or how serious is supposed to die!  A lot of discrimination between two distinct classes of people, those who are supposed to die doing less time than those who are not supposed to die.  How do inmates scheduled to die get released before non-death row inmates?

(Doc. 1, at PageID 1-5).

For relief, Petitioner seeks various forms of injunctive relief and "any other relief to which petitioner may be entitled." (*Id*. at PageID 5).

Under § 2254(a), courts may "entertain an application for a writ of habeas corpus . . . only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The federal courts have no power to

4

intervene on the basis of a perceived error of state law. *Pulley v. Harris,* 465 U.S. 37, 41 (1984). Further, to obtain habeas relief, a petitioner must establish that he has timely filed the petition and has exhausted his state court remedies for all claims presented. *See* 28 U.S.C. §§ 2244(d)(1), 2254(b)(1)(A). The timeliness and exhaustion requirements, however, are not jurisdictional. *See White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005) (stating that "the exhaustion requirement is not a jurisdictional one but rather is an issue of comity between federal and state courts"), *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004) (noting that the one-year habeas statute of limitations is not jurisdictional). Therefore, because the instant Petition is subject to dismissal for the reasons set forth below, the Court need not determine whether Petitioner has satisfied the requirements of timeliness and exhaustion. *See, e.g. Vanhazel v. McQuiggin*, No. 2:06-CV-13159, 2006 WL 2455963, at *1 (E.D. Mich. Aug. 22, 2006) (electing for reasons of judicial economy to "go directly to the merits of Petitioner's [habeas] claims").

**A. The First Two Grounds Present Solely Questions of State Law.**

Petitioner's first two grounds for relief present solely state-law issues. Petitioner raises questions regarding the jurisdiction of the Ohio courts and the availability under Ohio law of an administrative appeal from the denial of parole.[4] Because a "federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or

---

[4] Notably, the OAPA indicated in the state courts that decisions relating to parole may be reviewed through an original state-court action in mandamus. *See* Ohio Supreme Court Case No. 2023-1282 (OAPA's Nov. 9, 2023 Memorandum in Opposition of Jurisdiction, at p. 2 (citing *State ex rel. Keith v. Ohio Adult Parole Auth*., 24 N.E.3d 1132 (Ohio 2014)). Viewed at: https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2023/1282. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

procedure," *Oviedo v. Jago,* 809 F.2d 326, 328 (6th Cir. 1987), neither ground for relief is cognizable in federal habeas corpus proceedings.

### B. The Third Ground Fails to Raise a Cognizable Claim.

Similarly, Ground Three fails to present a cognizable ground for habeas corpus relief. Petitioner asserts that the OAPA is bound by principles of res judicata but does not assert what prior holding he is seeking to reapply. *See Montana v. United States*, 440 U.S. 147, 153 (1979) ("Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."). Rather, his reliance on res judicata appears counterintuitive to his assertion that the OAPA "continuously punish[es] an offender over and over for past behavior." (Doc. 1, at PageID 4).

Even if this Court were to liberally construe Ground Three to raise a Fifth Amendment double-jeopardy claim, *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction.") (internal quotation marks omitted), it would fail. "The Double Jeopardy Clause prohibits multiple punishments for the same criminal offense." *United States v. Hebeka*, 89 F.3d 279, 282 (6th Cir. 1996). However, parole determinations are not considered criminal punishment for the purposes of the Double Jeopardy Clause. *Ellick v. Perez*, 27 F. App'x 489, 490 (6th Cir. 2001).

### C. The Fourth Ground Fails to Raise a Cognizable Claim.

Finally, Ground Four also fails to provide a cognizable basis for habeas corpus relief. Liberally construed, *see Franklin*, 765 F.2d at 85, the Court understands Petitioner to assert that the OAPA violated his equal protection and due process rights by denying him parole while purportedly granting parole to other inmates who were convicted of similar or worse crimes.

(Doc. 1, at PageID 4-5). Petitioner asserts that in so doing the OAPA necessarily acted arbitrarily. (*See id*.).

However, "Ohio does not give inmates a right to parole[.]" *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020). Petitioner therefore has "no constitutionally protected interest in release on parole," *Wolfel v. Timmerman-Cooper*, No. 2:07-CV-1079, 2008 WL 5188188, at *10 (S.D. Ohio Dec. 10, 2008), *report and recommendation adopted,* 2009 WL 330294 (S.D. Ohio Feb. 6, 2009), and cannot show that in being denied parole he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Adams v. Genovese*, No. 18-5672, 2019 WL 2713118, at *1-2 (6th Cir. Jan. 8, 2019) (finding that equal protection and due process "claims about parole and clemency do not represent a substantial showing of the denial of a constitutional right"); *cf. Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990) (finding that allegations of arbitrary denial of parole in violation of due process and equal protection failed to state a federal claim).

In any event, Petitioner has not shown that the OAPA acted arbitrarily in denying him parole. (Doc. 1, at PageID 5). The June 2022 decision denying Petitioner parole shows that the Parole Board considered all of the "mandatory factors indicated in [Ohio Administrate Code] 5120:1-1-07" in making its determination. *See* Franklin County Court of Common Pleas Case No. 22CV6157 (Sept. 7, 2022 Notice of Appeal (containing a copy of the June 2022 decision denying Petitioner parole)).[5]

Accordingly, the Petition should be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

---

[5] Viewed at: *https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?LHB0ZOUAT8SbodrmvspG*, under Petitioner's name.

7

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Petition be dismissed under Rule 4 of the Rules Governing § 2254 Cases.

2. In accordance with footnote 1, above, Ohio Attorney General David Yost be removed as a party Respondent to this action.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

January 24, 2025                          *s/ Elizabeth A. Preston Deavers*
                                                             ELIZABETH A. PRESTON DEAVERS
                                                              United States Magistrate Judge